J-S30029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SABRIEL R. RIVERA | |
| Appellant | No. 1938 MDA 2016 |

Appeal from the PCRA Order November 2, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005350-2013

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 27, 2017**

Appellant, Sabriel R. Rivera, appeals from the order entered November 2, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts from the PCRA court's opinion, which in turn is supported by the record.  **See** PCRA Court Opinion (PCO), 11/2/16, at 1-2.  In July 2013, Appellant was charged with five counts of possession with intent to deliver a controlled substance, one count of conspiracy to deliver a controlled substance, and one count of corrupt organizations.[1]  In October 2014, a federal district judge sentenced Appellant to seventy months of incarceration for bank robbery.[2]  In January

---

[1] **See** 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 903, 911(b)(3), respectively.
[2] 18 U.S.C. § 2113(a).

2015, Appellant entered a negotiated guilty plea in the instant matter and was sentenced as follows:

> Counts 1-4: twenty four to forty-eight months of incarceration, to run concurrent with each other and consecutive to the federal sentence;
>
> Count 5: forty-eight to ninety-six months of incarceration, concurrent with counts six and seven and the federal sentence;
>
> Count 6: forty-eight to ninety-six months of incarceration, concurrent with counts five and seven and the federal sentence;
>
> County 7: thirty-six to ninety-six months of incarceration, concurrent with counts five and six and the federal sentence.

Appellant did not pursue a direct appeal. In October 2015, he timely filed a motion seeking PCRA relief. Counsel was appointed and filed an amended petition on Appellant's behalf, averring that PCRA counsel was ineffective for failure to inform Appellant of the consequences of his guilty plea and failure to provide Appellant with discovery documents. The court held an evidentiary hearing at which both Appellant and trial counsel, Damian DeStefano, testified.

Appellant testified that he did not have the opportunity to review discovery documents with counsel prior to the guilty plea. *See* Notes of Testimony (N.T.), 5/23/16, at 8. However, he admitted that counsel gave him a CD containing discovery materials. *Id.* Appellant also claimed he thought he would receive a six to twelve year sentence, and that his attorney did not advise him of the possibility of parole revocation. *Id.* at 9, 12. Appellant never filed a motion to withdraw his guilty plea. *Id.* at 18.

Plea counsel Damian DeStefano testified that while he was aware of the federal charges against Appellant, he was not aware that Appellant was on state parole. *See* N.T., 5/23/16, at 26-27. He did not discuss state parole with Appellant. *Id.* Due to the nature of the charges Appellant faced, Mr. DeStefano was primarily concerned with obtaining sentence time concurrent to Appellant's federal sentence. *Id.* at 27. Mr. DeStefano was unaware of any possibility of Appellant's parole being revoked, was never in contact with Appellant's parole agent, and did not discuss parole revocation with Appellant's appointed federal defender. *Id.* at 29-31.

On appeal, Appellant raises the following issues for our review:

Did the PCRA court err in denying [Appellant's] PCRA motion when: (1) counsel failed to inform [Appellant] of the possibility of a parole revocation following his guilty plea, and (2) counsel failed to provide [Appellant] with his discovery documents before entering his guilty plea?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant claims that counsel was ineffective in his representation at the guilty plea stage. *See* Appellant's Brief at 8. First, Appellant claims that

- 3 -

he was not informed of the collateral consequences of his plea, and would not have pleaded guilty had he known his state parole would have been revoked. *Id.* at 10-11. Second, Appellant claims that counsel was ineffective for failure to provide him with his discovery materials.

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). In determining whether a plea was entered knowingly and voluntarily, this Court considers the totality of the circumstances surrounding the plea. *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004).

First, Appellant argues that counsel was ineffective for failure to advise him of the collateral consequences of his plea, namely, that his parole could be revoked following his guilty plea. *See* Appellant's Brief at 10-11. He avers that he would not have pleaded guilty had he known he would serve additional time. *Id.* at 11-13. Accordingly, Appellant contends his plea was not knowing, intelligent and voluntary. *Id.* at 12.

Our Court has previously held that

[o]nce a guilty plea has been entered and sentence imposed, the plea may be withdrawn only upon a showing of manifest injustice, which may be established if the plea was not voluntarily or knowingly entered. However, the appellate courts of the Commonwealth consistently have ruled that a defendant's lack of knowledge of *collateral* consequences to the entry of a guilty plea does not render a plea unknowing or involuntary.

Probation revocation proceedings in an unrelated criminal action do not involve sentencing consequences of pleading guilty in the

- 5 -

action at issue. Thus, we hold that the possibility of probation revocation is a collateral consequence to a guilty plea, and the fact that a defendant was not informed that he faces such a possibility in an unrelated criminal case does not undermine the validity of the plea.

*Commonwealth v. Brown*, 680 A.2d 884, 887 (Pa. Super. 1996) (internal citations and quotations omitted); *see also Barndt*, 74 A.3d at 196 (noting that parole revocation is a collateral consequence, and that parole recommitment additional to a new sentence is also a collateral consequence). Further, our Court has held that while counsel's affirmative misrepresentation may constitute ineffective assistance, the failure to advise a client regarding collateral consequences does not. *See Commonwealth v. Abraham*, 62 A.3d 343, 352-53 (Pa. 2012); *see also Barndt*, 74 A.3d at 196, 200-01 (noting that when dealing with collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than his sins of commission).

Here, Appellant makes no argument that counsel gave him incorrect advice regarding the collateral consequences of his plea. Trial counsel credibly testified that he did not have a conversation with Appellant about parole revocation and was unaware Appellant was on state parole. Indeed, Appellant's admission that he never had a conversation with trial counsel about the possibility of revocation corroborates this testimony. Accordingly, as the failure to advise a client of the collateral consequences of a guilty plea does not constitute ineffective assistance of counsel, the court did not err in

dismissing Appellant's petition. *See Abraham*, 62 A.3d at 352-53; *Barndt*, 74 A.3d at 196; *Ragan*, 923 A.2d at 1170.

Finally, Appellant claims that counsel's failure to provide him with discovery materials resulted in the entry of a plea that was not knowing, intelligent, and voluntary. Although Appellant cites to testimony of the record in support of his contentions, he offers absolutely no legal authority to support his claims. Nor has Appellant identified the discovery that he was not able to access. Accordingly, he has waived this claim for purposes of appeal. *See* Pa.R.A.P. 2119(a)-(c); *see also Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.") Finally, even if not waived, this contention is meritless. Appellant received the discovery from trial counsel. *See* N.T., 5/23/16, at 8, 26.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017

- 7 -